STATE, EX REL. JEAN MCKEE, APPELLEE, V. ROBERT W. PORTER, APPELLANT.

FILED NOVEMBER 14, 1911.    No. 17,149.

1. **Mandamus.** "A mandamus proceeding in Nebraska is an action at law." *State v. Farrington,* 86 Neb. 653.

2. ———: REVIEW. A motion for a new trial in the district court is necessary in mandamus proceedings to entitle the defeated litigant to be heard on questions of fact in this court.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John Everson,* for appellant.

*Keester & Strout, Thomas & Shelburn* and *J. G. Thompson, contra.*

ROOT, J.

This is a proceeding in mandamus, instituted in the district court, to compel the respondent to deliver to the relator the books, money, stationery, receipts, furniture and other articles belonging to the office of city treasurer of the city of Alma. The relator prevailed, and the respondent appeals.

The record does not disclose whether the judgment has been executed, but since the district court refused to grant a supersedeas, and we have not been requested to supersede the judgment, it is reasonable to presume that the relator has possession of the money, records and all other indicia of the office referred to in the writ.

The respondent pleaded in his return that the relator is a woman, and therefore ineligible to hold the office. The affidavit for the writ does not disclose the relator's sex, unless the fact is established by the form of the relator's first name. The word is the French form of John. Webster's New International Dictionary, p. 2517. It is, however, used as an abbreviation of the word Jennie. Testimony was received, over the relator's objection, on this point. We find no motion for a new trial in the transcript, hence we are not required to examine the sufficiency of the evidence to sustain the findings. Such a question must have been raised by the filing of a motion for a new trial in the district court in order to entitle

the respondent to be heard here. *State v. Farrington,* 86 Neb. 653.

We are induced to hold the respondent to a strict compliance with the rules of practice, because he has attempted to hold an office beyond the term to which he was elected, and in opposition to the relator who holds a certificate of election therefor, and in this we are convinced he is in no manner attempting to vindicate the public right. If he is serious in his contention that the public welfare, rather than his private interests, impels him to litigate the relator's right to the office, he may accomplish his purpose by prosecuting the *quo warranto* action which he has instituted against the relator. We do not find it necessary to pass upon the relator's eligibility to hold the office of city treasurer.

The judgment of the district court is

AFFIRMED.

LETTON, J., concurring.

I concur in the conclusion. It is shown that an action in *quo warranto* to try the title to the office is pending. The issue sought to be tried here ought to be determined in that, which is the proper action. There is no reason to import such an issue into this case when it has previously been presented in the proper manner.

SEDGWICK, J., dissenting.

The statute governing cities of this class provides: "All officers shall be qualified electors and taxpayers and reside within the limits of the city." Comp. St. 1911, ch. 14, art. I, sec. 9. The real question in this case is whether, under this statute, a woman can be qualified to hold this office. The majority opinion does not pass upon or recognize this question, and gives technical reasons for not doing so. Those reasons to my mind are wholly unsound. It is said that whether this relator is a woman is a fact to be tried by the court, and, as no motion for a new trial was filed in the court below, this court cannot

review the evidence and determine whether the relator is
a woman. This reason for the decision was discovered by
this court; it is not mentioned in relator's brief, and was
not suggested upon the oral argument. The opinion de-
parts from the established rule of this court, in determin-
ing the case upon a technicality not presented in the brief.

The case was tried below upon a stipulation of facts, in
which it is stated that the relator is a woman. She is de-
scribed in the stipulation as Miss McKee, and was so de-
scribed in her certificate of election. "Jean" McKee
could deceive the trial court, and cause that court and
this to believe that there was a question of fact to try
whether or not she was a woman. If the letters of her
first name had been arranged in different order, "Jane"
McKee would have failed to compel this office to be turned
over to one who, the law says, cannot hold it. In her pe-
tition and alternative writ she refers to the respondent by
the use of a masculine pronoun 13 times, and refers to
herself 30 times, but she never refers to herself by the use
of a pronoun.

Upon the argument in this court, it was stated by coun-
sel for relator that the relator is a woman. The whole
record shows that no such question was tried below. Re-
lator's brief occupies a dozen pages in an attempt to prove
that a woman can hold the office of treasurer in such a
city. It is not intimated that any such question has been
tried in the court below, or that any one ever claimed that
relator is not a woman, and yet this court on its own
motion makes the objection that there was no motion in
the court below asking that the court again try the ques-
tion whether the relator is a woman, and because no such
motion was filed the court here will conclude that she was
not a woman.

It is not necessary to justify the action of the legisla-
ture in disqualifying women to hold this office. No good
reason is apparent for such legislation. Women can hold
the office of treasurer in larger cities, and can hold other
more onerous offices. The legislature, when its attention

is called to the matter, may change the statute which controls in this case; the court cannot change it. I feel constrained to dissent from the principle announced in the majority opinion, because of the application that can be made. If the relator were an infant of ten years, or were confined in the penitentiary for a long term under sentence for embezzlement, or in the asylum for incurable insane, the principle would be the same. Under this decision we would install her in the office until in *quo warranto* proceedings she could be removed therefrom.

The position and conduct of the respondent have nothing to do with the matter. It is the relator's application that we are adjudicating. No investigation of fact is necessary. The whole case depends upon one question of law. Is a woman qualified to hold this office under the statute? That question of law can be determined in this action as well as in any. There is no reason to install her in the office first, and then determine afterwards, as a matter of law upon the undisputed facts, whether she can hold the office.

I think the decision is wrong, because no motion for new trial is necessary in the court below when the record shows that the case was tried and presented there upon a question of law, and no matter of fact was in dispute; because this court has always held that it will not determine a case upon a point not presented in the briefs, and it is not suggested by relator in the brief nor upon the oral argument that any motion for new trial was necessary in the court below; because the point upon which the case is decided is extremely technical, is not raised by either party, and is incorrectly determined in the opinion; because this decision, if followed as a precedent, will enable a child of tender years, a convict, or one incurably insane to obtain possession of any office and hold the same until removed by another action, which appears to be absurd, and is a very dangerous doctrine.

FAWCETT, J., concurs in this dissent.