INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, APPELLANT, V. OMAHA PAPER STOCK, INC., A CORPORATION, APPELLEE.

202 N. W. 2d 188

Filed November 17, 1972. No. 38374.

Haney, Wintroub & Haney, for appellant.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action for a declaratory judgment adjudicating appellant's liability under two fire insurance policies. The court found generally for appellee and entered judgment accordingly. We affirm the judgment of the district court.

Appellant's assignments of error deal primarily with the failure of the court to find appellant was exonerated due to increased hazards on the burned premises. The taxing of attorneys' fees is also protested.

The premises destroyed by the fire were used as a collection and baling center for wastepaper. The policy required that due diligence be used to maintain the sprinkler system in working order and prohibited any increase in hazard within the knowledge or control of the insured. After the fire it was discovered that water valves admitting water to the sprinkler system had been closed. Fire originated at two different locations in the building and it was deemed to be the work of an outside arsonist. Evidence of due maintenance of the sprinkler system was conflicting, as was also evidence pertaining to the sufficiency of precautions taken to prevent entry by outsiders when the building was vacated overnight.

"Findings of a court in a law action in which a jury is waived have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong." Squires v. Implement Dealers Mut. Ins. Co., 188 Neb. 590, 198 N. W. 2d 469. The trial court resolved the questions presented by conflicts in the evidence in favor of the insured or appellee and the record sustains the findings of the court. It is true that some witnesses for the insured appear to have made more or less conflicting statements prior to trial. The court considered the contradictory statements introduced for impeachment purposes, and the explanations given, in weighing the evidence. The burden of establishing any increased hazard or defect in the sprinkler system was upon appellant. We agree with the trial court. Notwithstanding the impeaching evidence, appellant failed to sustain its burden of proof. On the contrary, the sprinkler system appears to have been in working order except for the valves being closed by the arsonist and reasonable precautions appear to have been taken against illegal entry.

In connection with the contradictory statements of witnesses. we call attention to Clark v. Smith, 181 Neb. 461, 149 N. W. 2d 425, wherein it is held: "Where a party without reasonable explanation testifies to facts

materially different concerning a vital issue, the change clearly being made to meet the exigencies of pending litigation, such evidence is discredited as a matter of law and should be disregarded. However, contradictory statements of nonparty witnesses under circumstances disclosed in this case are not governed by this rule and such contradictions may be submitted to the jury as affecting the weight of the evidence and the credibility of the witnesses." As to nonparties, the conflicting statements simply presented questions of credibility.

A party interested in the appellee firm was also charged with having made a contradictory statement. This statement was not on a crucial point but dealt with the question of whether he, or an employee, had, on one occasion, serviced the sprinkler system. The evidence clearly reflects that the sprinkler system was in working order regardless of who did the servicing. "The impeachment of a witness by showing contradictory statements made by him is admitted solely for the purpose of discrediting the reliability of the witness; it is not substantive evidence of the facts stated." State v. Witmer, 174 Neb. 449, 118 N. W. 2d 510. The contradictory statements cannot aid appellant in sustaining its burden of proof.

The foregoing references to contradictory statements by the witnesses for insured are sufficient to show there was not a deliberate misleading of appellant and they can have no bearing on the allowance of attorneys' fees. The trial in this case was a rather lengthy one unduly extended by the admission of irrelevant evidence introduced by appellant pertaining to a different fire. The amount involved in this case was $29,000 and attorneys' fees in the sum of $10,000 were allowed and taxed to appellant. "The amount allowed rests in the sound discretion of the district court, considering the elements of the amount involved, the responsibility assumed, the questions of law raised, the time and labor necessarily required in the performance of duties, the

professional diligence and skill required, and the result of the services performed." Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133.

In view of the amount involved in this case, we feel the amount allowed for attorneys' fees is excessive and it is reduced to $7,500. Attorneys' fees of $1,000 are allowed for services in this court.

The judgment of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.