CHARLES E. BURTON AND IDA BURTON, HUSBAND AND
WIFE, APPELLANTS, v. THOMAS G. ANNETT, LINDA ANN
WITT, AND WILLIAM A. ALDERMAN, COUNTY
COMMISSIONERS OF SHERIDAN COUNTY, NEBRASKA;
COUNTY OF SHERIDAN, NEBRASKA, A GOVERNMENTAL
SUBDIVISION; AND JOHN BURTON, APPELLEES.

341 N.W.2d 318

Filed December 2, 1983.   No. 82-272.

Reddish, Curtiss, Moravek and Danehey, for appellants.

Quigley, Dill & Quigley, for appellees.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ.,
and COLWELL, D.J., Retired.

SHANAHAN, J.

Charles E. Burton and Ida Burton (Charles and
Ida) sought an injunction to prohibit the county commissioners of Sheridan County, Nebraska, namely,
Thomas G. Annett, Linda Ann Witt, and William A.
Alderman, from laying out a public road across
Charles and Ida's real estate to the land of John Burton (John) pursuant to Neb. Rev. Stat. §§ 39-1713 and
39-1714 (Reissue 1978).  The District Court for Sheridan County denied the injunction.  We affirm.

John wanted a road for access from his ranch
home to a public road.  Although the record does not
disclose the kinship, if any, between John and
Charles, the background reflects that John and
Charles had more than casual contact with each
other before 1980.  In 1976 a criminal complaint was
filed charging John with trespass of Charles' real es-

tate. That same year John was responsible for a criminal complaint alleging an assault by Charles. Both complaints were dismissed. In 1978 John unsuccessfully sought judgment in the District Court for declaration of a prescriptive right-of-way across the land of Charles and Ida.

During the decade preceding 1980, John sent several letters to the attorney for Charles and Ida and proposed an exchange of land to obtain a road site for John. Those proposals were rejected. Throughout this period, John also talked to Charles about a trade of land for such road. The talks were unproductive relative to establishing a road.

In June 1980 John and his mother, Aileen Burton, each filed an affidavit with the county board. At the time of these affidavits John leased land owned by Aileen. After the affidavits were filed Aileen died and John succeeded to Aileen's interest in the real estate. The affidavits by Aileen and John contained statements regarding ownership of the land, the land's inaccessibility because it was surrounded by real estate belonging to others, inability to purchase a right-of-way across the surrounding land, and an existing private road less than 2 rods in width serving the landlocked real estate. See §§ 39-1713, 39-1714. The county board held a public hearing on July 29, 1980, regarding the requested road. On August 5 the county board determined that the requirements of §§ 39-1713 and 39-1714 had been satisfied and that the most practicable route for access to John's real estate was a road across Charles and Ida's land. On November 18, 1980, Charles and Ida commenced proceedings for an injunction to prevent construction of the road. On November 25, 1980, a restraining order was entered barring implementation of the county board's decision made on August 5. In December 1981 John undertook negotiations with Charles and Ida for an exchange of land for the road site, but the proposed exchange of land was rejected. Charles and Ida deny there have been any

negotiations relative to the road after 1978, except the negotiations of December 1981.

Charles and Ida appeal and claim that the conditions for a public road pursuant to the designated statutes have not been satisfied and that the injunction should have been issued.

This is an equitable action for an injunction, and as such it is reviewed in this court de novo, subject to the rule that where credible evidence is in conflict on material issues of fact, we will consider the fact that the trial court observed the witnesses and accepted one version of the facts over another. See, *Masid v. First State Bank*, 213 Neb. 431, 329 N.W.2d 560 (1983); *Spilinek v. Spilinek*, 212 Neb. 811, 326 N.W.2d 170 (1982). The uncontradicted evidence establishes satisfaction of the statutory requirements concerning ownership of the subject real estate and a private road less than 2 rods in width serving John's land. The claim of Charles and Ida concerning the insufficiency of proof focuses on § 39-1713(3) regarding John's inability to purchase a right-of-way for access to his real estate. There is no subtle point of law or esoteric principle involved in this case. The question is simply one of fact. John said he has negotiated for a road. Charles and Ida said he has not. From the facts and features found in this case, John's account of the situation is more credible. The trial court accepted the evidence regarding John's negotiations and his attempt to purchase a right-of-way. So do we. There is no showing that the county board acted contrary to or outside the statutes permitting establishment of a public road for access to isolated real estate. Establishment of a public road upon satisfaction of statutory requirements is a ministerial duty within the power of the county board. See *Singleton v. Kimball County Board of Commissioners*, 203 Neb. 429, 279 N.W.2d 112 (1979). An injunction to prohibit the county board's execution of its ministerial duty is properly denied under the circumstances.

The judgment of the District Court is affirmed.

AFFIRMED.