FRANK AND DELDINE YOUNG, HUSBAND AND WIFE, APPELLEES, V.
DODGE COUNTY BOARD OF SUPERVISORS ET AL., APPELLANTS.
493 N.W.2d 160

Filed December 11, 1992.   No. S-89-1476.

Dean Skokan, Dodge County Attorney, and Joe Stecher for appellants.

Warren R. Whitted, Jr., and Christopher R. Knust, of Lieben, Dahlk, Whitted, Houghton & Jahn, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.
The Dodge County Board of Supervisors appeals from the

judgment in a bench trial of a mandamus action, see Neb. Rev. Stat. § 25-2156 et seq. (Reissue 1989), in which the district court for Dodge County ordered the board to provide public "access" to isolated real estate owned by Frank and Deldine Young since its acquisition in 1977.

The mandamus was based on Neb. Rev. Stat. § 39-1713 (Reissue 1978), which provided:

> When any person shall present to the county board an affidavit satisfying it (1) that he is the owner of the real estate described therein located within the county, (2) that the same is shut out from all public roads, other than a waterway, by being surrounded on all sides by real estate belonging to other persons, or by such real estate and by water, (3) that he is unable to purchase from any of such persons the right-of-way over or through the same to a public road or that it cannot be purchased except at an exorbitant price, stating the lowest price for which the same can be purchased by him, and (4) asking that a public road be laid out in accordance with section 39-1716, the county board shall appoint a time and place for hearing the matter . . . .

Neb. Rev. Stat. § 39-1716 (Reissue 1978) stated: "The county board shall, if it finds that the conditions set forth in section 39-1713 . . . exist, proceed to lay out a public road of not more than four nor less than two rods in width, to such real estate . . . ."

## STANDARD OF REVIEW

An action for a writ of mandamus is a law action. *Nuss v. Pathfinder Irr. Dist.*, 214 Neb. 888, 336 N.W.2d 584 (1983); *State ex rel. Blome v. Bridgeport Irr. Dist.*, 205 Neb. 97, 286 N.W.2d 426 (1979); *State ex rel. Goetz v. Lundak*, 199 Neb. 585, 260 N.W.2d 589 (1977); *State ex rel. Rittenhouse v. Newman*, 189 Neb. 657, 204 N.W.2d 372 (1973); *State, ex rel. Charvat, v. Sagl*, 119 Neb. 374, 229 N.W. 118 (1930); *State v. Porter*, 90 Neb. 233, 133 N.W. 189 (1911).

> In a bench trial of a law action, a trial court's factual findings have the effect of a verdict and will not be set aside unless clearly erroneous. In reviewing a judgment

awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence.

*Broekemeier Ford, Inc. v. Clatanoff*, 240 Neb. 265, 267, 481 N.W.2d 416, 418 (1992). Accord, *Ballard v. Giltner Pub. Sch.*, 241 Neb. 970, 492 N.W.2d 855 (1992); *Albee v. Maverick Media, Inc.*, 239 Neb. 60, 474 N.W.2d 238 (1991); *Justice v. Hand*, 227 Neb. 856, 420 N.W.2d 704 (1988); *Alliance Nat. Bank v. State Surety Co.*, 223 Neb. 403, 390 N.W.2d 487 (1986).

"Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review." *Huffman v. Huffman*, 232 Neb. 742, 748, 441 N.W.2d 899, 904 (1989). Accord, *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992); *Albee v. Maverick Media, Inc., supra*; *Boisen v. Petersen Flying Serv.*, 222 Neb. 239, 383 N.W.2d 29 (1986).

## FACTUAL BACKGROUND

Following is a diagram based on introduced exhibits that shows various locations pertinent to the proceedings:

Hartman Island consists of 280 acres surrounded by the Platte River. There is no public road on the island. Youngs' tract, located on the south side of the island, is bounded on three sides by real estate owned by others and on the fourth side by the main channel of the Platte River.

When Youngs bought their island property in 1977, Hartman Island was accessible as follows: After exiting from the county road, which ended at the Platte's north bank, one drove eastward one-half mile on Ames Dike, which was situated near the river's north bank and was maintained by Ames Diking and Drainage District, a political subdivision of the State of Nebraska. At that 1/2-mile point, and after leaving Ames Dike, one proceeded south to the river across land owned by Tom Wolf, and then forded the Platte's channel for entry at the northwest corner of Hartman Island. Once on the island, and to reach their property, Youngs crossed tracts of adjacent landowners.

In 1988, Ames Diking and Drainage District, prompted by liability concerns, prohibited vehicular traffic on Ames Dike. Although Youngs filed an action for judicial acknowledgment of their prescriptive right to travel on Ames Dike, Youngs dismissed their suit. See, State v. Cheyenne County, 123 Neb. 1, 241 N.W. 747 (1932) (title by adverse possession cannot be acquired against the State); Neb. Rev. Stat. § 39-1404 (Reissue 1988) (title by prescription cannot be acquired in a political subdivision's real estate).

After Youngs were unable to acquire a right-of-way for access to their insular property, they filed their affidavit with the Dodge County Board of Supervisors (County Board) on July 7, 1988, and requested that the county provide public access to Youngs' island property pursuant to the "isolated land" statutes, §§ 39-1713 and 39-1716. After a hearing, the County Board, on August 10, 1988, rejected Youngs' request for public access to their island property.

Youngs sued the County Board in a mandamus action to compel access to Youngs' island property. At trial, Youngs, without factual dispute by the County Board, established that Youngs' island tract lacked public access. The district court declined to apply the 1982 amendment of § 39-1716, namely, § 39-1716 (Reissue 1988), which, in addition to the

requirements expressed in § 39-1713, required

> (2) that the isolated land was not isolated at the time it was purchased by the owner, (3) that the isolation of the land was not caused by the owner or by any other person with the knowledge and consent of the owner, and (4) that access is necessary for existing utilization of the isolated land [and] that the amount of use and the number of persons served warrants such action . . . .

Consequently, applying the isolated land statutes that existed when Youngs acquired their island property, that is, §§ 39-1713 and 39-1716 (Reissue 1978), the court ordered Dodge County and its supervisors to provide Youngs with "access" to their island property and awarded Youngs an attorney fee pursuant to § 25-2165 (writ of mandamus granted; recoverable costs may include an attorney fee for plaintiff's lawyer).

## ASSIGNMENTS OF ERROR

The County Board contends that the district court erred in (1) failing to apply § 39-1716 (Reissue 1988), one of the isolated land statutes amended after Youngs acquired their real estate; (2) using the isolated land statutes as a basis for mandamus; (3) concluding, as a matter of law, that Youngs' island property was isolated land within the purview of §§ 39-1713 and 39-1716; (4) failing to rule that the county could not utilize the power of eminent domain to take real estate of another governmental subdivision, and (5) awarding an attorney fee as part of the costs recoverable by Youngs in their mandamus action.

## 1982 AMENDMENT OF § 39-1716

First, the County Board contends that the district court should have applied § 39-1716 (Reissue 1988) in disposing of Youngs' mandamus action. Section 39-1716 (Reissue 1988) contains in part: "For any real estate purchased or otherwise acquired after January 1, 1982, for which public access is granted pursuant to sections 39-1713 to 39-1719, the person petitioning for such access shall also reimburse the county for all engineering and construction costs incurred in providing such access."

"Statutes covering substantive matters in effect at the time of

the transaction govern, not later enacted statutes." *Schall v. Anderson's Implement*, 240 Neb. 658, 662-63, 484 N.W.2d 86, 89-90 (1992). Accord *Holthaus v. Parsons*, 238 Neb. 223, 469 N.W.2d 536 (1991). "A legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed." *Moore v. Peterson*, 218 Neb. 615, 617, 358 N.W.2d 193, 195 (1984). Accord, *State v. Von Dorn*, 234 Neb. 93, 449 N.W.2d 530 (1989); *Larson v. Jensen*, 228 Neb. 799, 424 N.W.2d 352 (1988); *Welsh v. Anderson*, 228 Neb. 79, 421 N.W.2d 426 (1988); *Wheelock & Manning OO Ranches, Inc. v. Heath*, 201 Neb. 835, 272 N.W.2d 768 (1978).

Youngs' right to obtain access in the form of a public road for their isolated land was governed by §§ 39-1713 and 39-1716 (Reissue 1978), the law existing when Youngs acquired the real estate for which access was later sought. Moreover, the 1982 amendment of § 39-1716 contains: "For any real estate purchased or otherwise acquired after January 1, 1982 . . . ." Quite apart from the acquisition date for Youngs' real estate, the express language of § 39-1716 (Reissue 1988) does not evidence an intent for retroactive application of the statute, but evidences a legislative intent that the 1982 amendment of § 39-1716 apply prospectively, that is, apply to any real estate acquired after January 1, 1982. We conclude that the 1982 amendment to § 39-1716 was inapplicable to Youngs' mandamus action and, consequently, the district court correctly employed §§ 39-1713 and 39-1716 (Reissue 1978) in disposing of Youngs' mandamus action.

## WAS MANDAMUS AN AVAILABLE REMEDY?

The County Board argues that mandamus is unavailable to obtain a public road for access pursuant to §§ 39-1713 and 39-1716, but, rather, that review by petition in error, see Neb. Rev. Stat. §§ 25-1901 to 25-1908 (Reissue 1989), is the appropriate procedure in Youngs' case.

As stated in *State ex rel. Pederson v. Howell*, 239 Neb. 51, 56, 474 N.W.2d 22, 26 (1991):

Mandamus is defined as an extraordinary remedy, not a writ of right, *State ex rel. Thompson v. Alderman*, 230

Neb. 335, 431 N.W.2d 625 (1988), issued to compel the performance of a purely ministerial act or duty, *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245 (1990), imposed by law upon an inferior tribunal, corporation, board, or person, see Neb. Rev. Stat. § 25-2156 (Reissue 1989), where (1) the relator has a clear legal right to the relief sought; (2) there is a corresponding clear duty existing on the part of the respondent to do the act in question, *State ex rel. Mercurio v. Board of Regents*, 213 Neb. 251, 329 N.W.2d 87 (1983), *cert. denied* 463 U.S. 1214, 103 S. Ct. 3554; 77 L. Ed. 2d 1400; and (3) there is no other plain and adequate remedy available in the ordinary course of law, *State ex rel. PROUD v. Conley*, 236 Neb. 122, 459 N.W.2d 222 (1990).

In *Singleton v. Kimball County Board of Commissioners*, 203 Neb. 429, 279 N.W.2d 112 (1979), a writ of mandamus was recognized as a proper remedy to compel a county board, in accordance with §§ 39-1713 and 39-1716, to lay out a public road for access to isolated land. In *Singleton*, this court concluded that compliance with the isolated land statutes is a ministerial duty and, "[a]s the duty is ministerial, petition in error proceedings are . . . not available," 203 Neb. at 435, 279 N.W.2d at 116; hence, mandamus is an appropriate remedy for obtaining access to isolated land. See, also, *Burton v. Annett*, 215 Neb. 788, 341 N.W.2d 318 (1983) (establishment of a public road on satisfaction of the statutory requirements of isolated land statutes is a ministerial duty).

Youngs' case is controlled by *Singleton v. Kimball County Board of Commissioners, supra*, which, as Nebraska precedent, authorizes mandamus as a proper remedy to compel the County Board to act consistent with Neb. Rev. Stat. §§ 39-1713 to 39-1719 (Reissue 1978), the isolated land statutes.

## IS YOUNGS' TRACT "ISOLATED"?

The question of law raised by Youngs and the County Board, concerning the isolated land statutes is based on undisputed facts: Youngs' island tract is bounded on three sides by land owned by others and on the fourth side by the main channel of the Platte River. Youngs have been unable to acquire access to

their island property. From the north, Youngs' property was previously accessible via the county road and the Ames Dike with permission of the Ames Diking and Drainage District and by crossing land owned by others. The County Board argues that there is an "island exception" to § 39-1713. However, in examining § 39-1713 we find no "island exception"; rather, land may be isolated, and, therefore, the subject of § 39-1713(2), if the land is shut off from all public roads, other than a waterway, by (1) being surrounded on all sides by real estate belonging to other persons or (2) by being surrounded on all sides by real estate belonging to others and by water. In view of its location on Hartman Island, Youngs' tract meets the requirement of § 39-1713(2) for qualification as isolated land. Thus, Youngs are entitled to a writ of mandamus for access to their island tract in accordance with §§ 39-1713 and 39-1716. The location and type of road eventually provided by the county are matters for decision by the County Board pursuant to §§ 39-1713 and 39-1716, see *Singleton v. Kimball County Board of Commissioners, supra*, and are outside the present appeal and outside the question whether the County Board must provide a public road to Youngs' island property from an existing public road. Concerning the preceding question, we affirm the district court's judgment, subject to the modification that the County Board shall lay out a "public road" in connection with Youngs' island property, see § 39-1716 (Reissue 1978), rather than "public access," see § 39-1716 (Reissue 1988).

## CONDEMNATION OF THE AMES DIKE

The County Board claims that the district court erred in failing to hold that the county could not utilize the power of eminent domain to acquire property of the Ames Diking and Drainage District, that is, condemnation for the purpose of access via or across the Ames Dike. The district court properly refrained from deciding whether the county could condemn property of Ames Diking and Drainage District, a political subdivision. Involvement of the Ames Dike as a site or means for access to Youngs' island tract relates to location of a future public road to Youngs' property. As mentioned above, the only

issue presented in Youngs' case is whether the County Board has a ministerial duty to lay out a public road for access to Youngs' insular property. Locating and laying out a public road are matters for the County Board and not matters for judicial consideration and determination in the present posture of Youngs' case. For that reason, the County Board's assignment of error relating to the power of eminent domain regarding property of the Ames Diking and Drainage District need not, and, therefore, will not, be considered for resolution of the issues raised in Youngs' mandamus action.

## AN ATTORNEY FEE AS COSTS

The County Board contends that an attorney fee for Youngs' lawyer is unauthorized because Youngs were not entitled to the mandamus granted by the district court. However, we have determined that mandamus was proper under the circumstances.

Section 25-2165 provides for an attorney fee as part of the costs in a successful mandamus action.

As we expressed in *Chambers-Dobson, Inc. v. Squier*, 238 Neb. 748, 765, 472 N.W.2d 391, 402 (1991): "In Nebraska, the general rule is that an attorney fee may be recovered only when authorized by statute, or when a recognized and accepted uniform course of procedure allows recovery of an attorney fee." When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Megel v. City of Papillion*, 194 Neb. 819, 235 N.W.2d 876 (1975); *Insurance Co. of North America v. Omaha Paper Stock, Inc.*, 189 Neb. 232, 202 N.W.2d 188 (1972); *Anoka-Butte Lumber Co. v. Malerbi*, 180 Neb. 256, 142 N.W.2d 314 (1966). We find no abuse of discretion in the district court's awarding an attorney fee as part of the costs recoverable by Youngs in their mandamus action. Therefore, the trial court's judgment for costs is affirmed.

Youngs have also requested an attorney fee be awarded for their counsel in this appeal. Youngs have submitted information in compliance with Neb. Ct. R. of Prac. 9F (rev. 1992). In view of the factors for judicial consideration in

awarding an attorney fee, see, *Smith v. Union Ins. Co.*, 218 Neb. 797, 359 N.W.2d 113 (1984); *Weber v. Weber*, 200 Neb. 659, 265 N.W.2d 436 (1978); and *Schmer v. Hawkeye-Security Ins. Co.*, 194 Neb. 94, 230 N.W.2d 216 (1975), and after reviewing the information supplied by the parties in conjunction with Youngs' request for an attorney fee and expenses to be awarded in this court, we determine that $2,500 is appropriate for an attorney fee and expenses in this appeal and, therefore, order that the County Board shall pay $2,500 as an attorney fee and expenses for Youngs' counsel in proceedings before this court.

## CONCLUSION

Subject to the modification hereinbefore expressed, we affirm the district court's judgments and order the County Board to pay the attorney fee for the services of Youngs' lawyer in this appeal.

AFFIRMED AS MODIFIED.