the district court's order denying Miller's motion for summary judgment. We conclude that Carney alleged a cognizable First Amendment violation and that the right was clearly established. However, we conclude that the district court's order denying Miller's motion for summary judgment on that issue is not immediately reviewable under the collateral order doctrine, because the matter presents factual issues and not a purely abstract issue of law.

REVERSED IN PART, AND IN PART DISMISSED.

---

JOEL DELEON, APPELLEE, V. REINKE MANUFACTURING
COMPANY, APPELLANT.

___ N.W.2d ___

Filed February 14, 2014.    No. S-13-015.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.
2. ____: ____. The findings of fact made by a workers' compensation trial judge will not be disturbed on appeal unless clearly wrong.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not interpret the meaning of statutory words which are plain, direct, and unambiguous.
5. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.
6. **Workers' Compensation: Appeal and Error.** Workers' compensation proceedings are special proceedings for purposes of appellate review.

Appeal from the Workers' Compensation Court: JOHN R. HOFFERT, Judge. Affirmed in part, and in part dismissed.

Benjamin E. Maxell and Aimee C. Bataillon, of Adams & Sullivan, P.C., for appellant.

Lee S. Loudon and Ami M. Huff, of Law Office of Lee S. Loudon, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

Reinke Manufacturing Company (Reinke) appeals from two orders entered by the Nebraska Workers' Compensation Court. We conclude we have no jurisdiction to review one of the orders because it did not affect a substantial right and was therefore not appealable. We have jurisdiction to review the second order, but we conclude that Reinke's assignments of error with respect to that order are without merit.

## I. BACKGROUND

### 1. 2010 Award

On or about January 30, 2009, Joel Deleon was injured during the course and scope of his employment with Reinke. He sought and was awarded workers' compensation benefits for injuries to his elbows and shoulders and his resulting depression. The award was entered by the compensation court on August 13, 2010, and summarily affirmed on appeal by the Nebraska Court of Appeals on August 12, 2011, in case No. A-11-261.

The award specifically found that Deleon had suffered compensable physical injuries to his elbows and shoulders. It also specifically found that the pain and disability from those physical injuries caused Deleon to suffer a compensable psychiatric injury of depression. The award provided that Deleon was "entitled to weekly temporary total disability benefits of $378.85 from and after March 25, 2009, through the date of trial and continuing into the future until such time as [he] has reached maximum medical improvement from all of his injuries." The award deferred determination of Deleon's entitlement to permanent disability benefits until "such time as all injuries have reached maximum medical improvement."

## 2. MOTION TO COMPEL PAYMENT
### OF INDEMNITY

On September 17, 2012, Deleon filed a motion alleging that Reinke was not paying temporary total disability in compliance with the 2010 award. He sought an order from the compensation court compelling those payments, imposing a waiting-time penalty, and awarding attorney fees. At an evidentiary hearing on the motion, the parties stipulated that Deleon reached maximum medical improvement for all of his injuries on August 30. Reinke argued, however, that Deleon reached maximum medical improvement for his physical injuries on November 30, 2010, and that it was not required to pay temporary total disability beyond that date. Reinke acknowledged that it had unilaterally stopped making payments to Deleon as of November 30.

In its order sustaining the motion, the compensation court found that its 2010 award clearly entitled Deleon to receive temporary total disability payments until he reached maximum medical improvement for both the physical injuries and the psychiatric injury and ordered Reinke to pay temporary total disability through August 30, 2012. In doing so, the court treated the parties' stipulation as "negating the need for [Reinke] to have filed a Petition for Modification so as to terminate its ongoing liability" for temporary total disability payments. The court also found there was no reasonable controversy as to whether Deleon was entitled to temporary total disability payments through August 30 and imposed a 50-percent waiting-time penalty on Reinke. The court also awarded Deleon attorney fees of $1,000. This order was entered on December 3, 2012.

## 3. MOTION FOR LOSS OF EARNING
### CAPACITY AND VOCATIONAL
### REHABILITATION EVALUATION

Deleon filed a petition to modify the 2010 compensation award on September 5, 2012. In this petition, he alleged he had suffered an increase in his incapacity due solely to injuries that were the subject of the original award and asked the court to, inter alia, determine his permanent disability and his

entitlement to vocational rehabilitation benefits. Subsequently, Deleon filed a motion requesting that a court-appointed vocational rehabilitation counselor be directed to prepare a loss of earning capacity and vocational rehabilitation evaluation. Reinke resisted this motion, arguing that no evaluation should be performed because Deleon's injuries were to scheduled members of his body and the impairment ratings given by his treating doctors did not equal at least 30 percent.[1]

The compensation court sustained Deleon's motion to have the vocational rehabilitation counselor evaluate his loss of earning capacity and entitlement to vocational rehabilitation benefits. In its order, the court emphasized that it was making no determination as to Deleon's ultimate entitlement to any loss of earning capacity or vocational rehabilitation benefits, noting that these issues would be determined in the contested and pending motion to modify the award. This order was also entered on December 3, 2012.

### 4. Appeal

On December 31, 2012, Reinke filed one notice of appeal, stating it was appealing from both of the orders entered by the compensation court on December 3. We moved the appeal to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state.[2]

## II. ASSIGNMENTS OF ERROR

Reinke assigns, restated and consolidated, that the Workers' Compensation Court erred in finding Deleon was entitled to (1) receive temporary total disability benefits after reaching maximum medical improvement for his physical injuries, (2) a waiting-time penalty, (3) an award of attorney fees, and (4) a loss of earning capacity and vocational rehabilitation evaluation conducted by the vocational rehabilitation counselor.

## III. STANDARD OF REVIEW

[1,2] A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside

---

[1] See Neb. Rev. Stat. § 48-121(3) (Reissue 2010).

[2] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[3] The findings of fact made by a workers' compensation trial judge will not be disturbed on appeal unless clearly wrong.[4]

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[5] Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions.[6]

## IV. ANALYSIS

### 1. APPELLATE JURISDICTION

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[7] Deleon argues that we lack jurisdiction to review both the order enforcing the 2010 award and the order directing a loss of earning power and vocational rehabilitation evaluation. We examine these arguments in turn.

### (a) Order Enforcing 2010 Award

Prior to 2011, appeals from trial court decisions of the Workers' Compensation Court were made to a workers' compensation review panel and had to be filed within 14 days of

---

[3] *Hynes v. Good Samaritan Hosp.*, 285 Neb. 985, 830 N.W.2d 499 (2013); *Smith v. Mark Chrisman Trucking*, 285 Neb. 826, 829 N.W.2d 717 (2013).

[4] See, *Hynes v. Good Samaritan Hosp., supra* note 3; *Pearson v. Archer-Daniels-Midland Milling Co.*, 285 Neb. 568, 828 N.W.2d 154 (2013).

[5] *Butler Cty. Sch. Dist. v. Freeholder Petitioners*, 286 Neb. 814, 839 N.W.2d 316 (2013); *Holdsworth v. Greenwood Farmers Co-op*, 286 Neb. 49, 835 N.W.2d 30 (2013).

[6] *Holdsworth v. Greenwood Farmers Co-op, supra* note 5; *Visoso v. Cargill Meat Solutions*, 285 Neb. 272, 826 N.W.2d 845 (2013).

[7] *Becerra v. United Parcel Service*, 284 Neb. 414, 822 N.W.2d 327 (2012); *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

the trial court's decision.[8] Now, appeals from trial court decisions of the Workers' Compensation Court are made directly to the Court of Appeals or to this court.[9] When the Legislature changed the appeal process, it specifically provided that the changes did not apply to "[c]ases pending before the Nebraska Workers' Compensation Court on August 27, 2011, in which a hearing on the merits has been held . . . ."[10] Instead, the new appeal process applied only to "[a]ny cause of action not in suit on August 27, 2011, and any cause of action in suit in which a hearing on the merits has not been held prior to such date . . . ."[11]

Deleon contends that because his motion to compel is simply a means of enforcing the 2010 award, the requisite "hearing on the merits" was the May 10, 2010, hearing which preceded the imposition of the 2010 award. He argues that because this hearing date came before the August 27, 2011, statutory cutoff date, Reinke should have filed its appeal with the workers' compensation review panel, not with the Court of Appeals.

[4] We reject this argument. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not interpret the meaning of statutory words which are plain, direct, and unambiguous.[12] The plain meaning of "hearing on the merits" relative to this appeal is the October 11, 2012, hearing which preceded the issuance of the December 3 order from which Reinke appeals. Because that hearing occurred after the August 27, 2011, statutory deadline, Reinke properly filed its appeal with the Court of Appeals.

### (b) Order for Evaluation

[5,6] Deleon argues that we lack jurisdiction over the appeal from the order directing the vocational counselor to evaluate

---

[8] See Neb. Rev. Stat. § 48-179 (Reissue 2010) (repealed 2011 Neb. Laws, L.B. 151, § 20).

[9] See Neb. Rev. Stat. § 48-185 (Cum. Supp. 2012).

[10] Neb. Rev. Stat. § 48-1,112 (Cum. Supp. 2012).

[11] *Id.*

[12] See *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013).

Deleon's loss of earning power and entitlement to vocational rehabilitation because it was not a final order. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.[13] Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[14] Workers' compensation proceedings are special proceedings for purposes of appellate review.[15]

The question, then, is whether the December 3, 2012, order directing the vocational rehabilitation counselor to prepare a loss of earning capacity and vocational rehabilitation evaluation affected Reinke's substantial rights. The answer is that it did not. The order specifically stated that the court was making no determination as to Deleon's ultimate entitlement to either of those benefits. If and when an award of such benefits is made to Deleon after the hearing on his petition to modify the 2010 award, Reinke's substantial rights may be affected and it can file an appeal at that time. We therefore do not address the merits of Reinke's argument with respect to this order.

## 2. MERITS OF APPEAL FROM ENFORCEMENT ORDER

Reinke argues that the compensation court erred in finding it was obligated to pay additional temporary total disability benefits to Deleon. It contends it paid all benefits due until Deleon reached maximum medical improvement for his physical injuries and that it cannot be obligated to pay Deleon for indemnity benefits related to his psychiatric condition because "no medical evidence whatsoever exists stating that Deleon is

---

[13] *Selma Development v. Great Western Bank*, 285 Neb. 37, 825 N.W.2d 215 (2013); *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012).

[14] *Pinnacle Enters. v. City of Papillion*, 286 Neb. 322, 836 N.W.2d 588 (2013); *Selma Development v. Great Western Bank, supra* note 13.

[15] See *Becerra v. United Parcel Service, supra* note 7.

unable to secure and maintain gainful employment as a result of his . . . psychiatric condition."[16] Reinke further contends that because no additional temporary total disability benefits were due Deleon, the compensation court erred in awarding a waiting-time penalty and attorney fees.

We disagree. As the compensation court noted, the only issue before it was Deleon's claim that Reinke was not complying with the terms of the 2010 award. And that award very clearly states that Deleon was entitled to receive temporary total disability benefits until he reached maximum medical improvement for both his physical injuries and his psychiatric injury. Reinke's argument that the evidence presented in 2010 does not support an award of compensation for Deleon's psychiatric injury is not properly made at this time; such an argument should have been made at trial prior to the entry of the 2010 award and on appeal from that award. Based on the plain language of the 2010 award and the parties' stipulation, the compensation court properly found that Deleon was entitled to receive temporary total disability benefits until August 30, 2012, the date of maximum medical improvement for all his injuries. And because the language of the award was very clear, there was no reasonable controversy as to Deleon's entitlement to the benefits and the compensation court properly imposed a waiting-time penalty and awarded attorney fees.

## V. CONCLUSION

We lack jurisdiction over the appeal from the order directing the vocational rehabilitation counselor to perform an evaluation and therefore dismiss the appeal with respect to that order. The order of the compensation court enforcing the 2010 award is affirmed in all respects.

Affirmed in part, and in part dismissed.

---

[16] Brief for appellant at 13-14.