STATE OF NEBRASKA, EX REL. CITY WATER COMPANY, V. CITY OF KEARNEY ET AL.

FILED FEBRUARY 16, 1897.   No. 8728.

1. **Statutes: CONSTRUCTION.** A legislative enactment will be construed to operate only prospectively, unless the intent of the legislature to the contrary is plainly expressed.

2. ———: **MUNICIPAL CORPORATIONS: TAXES: WATER COMPANIES.** *Held,* That that portion of the act approved March 31, 1887, entitled "An act to amend section 69 of·article 1 of chapter 14 of the Compiled Statutes of Nebraska, and to repeal said section" (Session Laws, 1887, p. 291, ch. 12), which provides that a city of the second class or village may enact an· ordinance providing for the levying of a tax not exceeding seven mills on the assessed valuation in any one year "to pay for water furnished such city or village under contract" has no retrospective operation.

REHEARING of case reported in 49 Neb., 325.

*Marston & Marston* and *Kennedy & Learned,* for relator.

*William Gaslin, contra.*

NORVAL, J.

An opinion was filed in this case October 7, 1896, the same being reported in 49 Neb., 325. On application of relator a rehearing was granted and the cause has been again submitted for adjudication.

In 1886 the city of Kearney granted a franchise to the American Water-Works & Guarantee Company for the construction and operation of a system of water-works in

26

said city for a specified period, and at the same time con-
tracted with said company for supplying water to the
city during said period at a certain sum each for the
use of 45 hydrants. The contract also reserved to the
city the right to require an extension of the pipe lines at
any time by the company and an increase in the number
of hydrants, and fixed the sum to be paid as rental for the
same. In pursuance of this provision, 106 additional hy-
drants were placed in 1888. The law in force govern-
ing cities of the class to which Kearney belonged at
the time the franchise was granted authorized such city
to contract for the furnishing of water to the munici-
pality, but limited the levy of tax which could be im-
posed for the payment of water furnished the city "to
an amount not exceeding five mills on the dollar in any
one year," etc. (Session Laws, 1885, p. 168, ch. 20, sec. 3;
Compiled Statutes, 1885, ch. 14.) Subsequently, but be-
fore the 106 additional hydrants were put in, the legis-
lature of 1887 so amended the law as to permit the levy
of a tax not exceeding seven mills in any one year to pay
for water supplied the city under contract. (Session
Laws, 1887, p. 291, ch. 12.) A levy of five mills on the
dollar on the present assessed valuation of the taxable
property of the city of Kearney being insufficient to pay
relator the amount due it annually for hydrant rentals,
it was insisted on the former hearing that the writ should
issue commanding a seven-mill levy, instead of five mills,
at least to pay the rental on the 106 hydrants constructed
in 1888. This contention was denied in the former de-
cision for the reasons that the legislation of 1887 relating
to the levy of taxes for water supply was not applicable,
since it did not operate retrospectively, but prospectively
merely, and that the amendment of 1887 could not apply
to contracts for water rentals made prior thereto, as to
do so would impair the obligation of contracts. Those
propositions alone and their application to the case at
bar we are now asked to consider.

It is a well recognized rule in the construction of stat-

utes that a law will not be given a retrospective operation, unless that intention•has been manifested by the most clear and unequivocal expression. (*Smith v. Auditor-General*, 20 Mich., 398; *City of Oakland v. Whipple*, 44 Cal., 305; *In re Tuller*, 79 Ill., 99; *City of Chicago v. Rumsey*, 87 Ill., 348; *Tenney v. Foote*, 95 Ill., 99; *People v. Peacock*, 98 Ill., 172; *Fuller v. City of Grand Rapids*, 40 Mich., 395; *Borrman v. Schober*, 18 Wis., 459.) We do not understand that counsel for relator question the soundness of the foregoing principle, but they deny that it has any application to the case in hand; that the levy of a seven-mill tax can be enforced without giving the amendment of 1887 a retrospective operation. This argument is predicated upon the fact that the system of water-works was extended, and the 106 additional hydrants were furnished, subsequent to the 1887 amendment, which in our view was and is wholly an unimportant feature of the case. The important and controlling consideration is, When was the contract entered into under which the enlargement of the system of water-works was made? The ordinance granting the franchise was passed in 1886, and it, in plain and unequivocal language, provided for the extension of the system and for the construction of additional hydrants whenever the city deemed the same necessary, and it likewise fixed the price that the city should pay for the same. The municipal authorities exercised this privilege reserved to the city, and the additional supply of water was furnished, it is true, after the amendment of 1887; nevertheless all the water was supplied the city,—that before, as well as the quantity after, 1887,— under and in pursuance of a single contract—one entered into before the amendment of 1887 was adopted. There is absolutely no language in said amendment from which any inference can be fairly drawn that it was the design of the legislature that its provisions should have any retroactive effect, or should apply to taxes levied in payment for water furnished under existing contracts. Had the 106 additional hydrants been put in under a new and

independent contract entered into after the amendment of 1887, then there might be force to the argument on behalf of the relator that said amendment controls the tax levy. But such was not the case, and hence a levy of five mills is the maximum limit that can be imposed, at least without further legislative authority.

The conclusion reached makes it unnecessary to determine whether it is within the power of the legislature to authorize an increased levy of taxes to pay for water supplied under existing contracts. The question does not arise in the case, and the language employed in the former opinion upon that subject is mere *obiter*, and is accordingly withdrawn. The judgment heretofore entered herein is adhered to.

FORMER JUDGMENT SUSTAINED.