CITY OF SOUTH OMAHA V. MARY MEEHAN.

FILED FEBRUARY 17, 1904.   No. 13,217.

1. **Action to Quiet Title:** ADVERSE POSSESSION. In an equitable suit to quiet title, a municipal corporation being defendant claimed title to the land in controversy by dedication as a public street, but offered no proof of this allegation. The plaintiff showed adverse possession in himself and grantor for more than 10 years prior to the commencement of the action. *Held*, That plaintiff was entitled to a decree.

2. ———: ———. Where one goes upon land under no color of title, but as a mere intruder, he can acquire title by adverse possession only to so much of the land as he actually occupies and uses for the period prescribed by statute.

3. **Evidence.** Evidence examined, and *held* sufficient to sustain a decree for plaintiff to so much of the land as she is shown to have used and occupied.

ERROR to the district court for Douglas county: CHARLES T. DICKINSON, JUDGE. *Reversed with directions.*

*A. H. Murdock,* for plaintiff in error.

*C. R. Scott* and *E. H. Scott, contra.*

KIRKPATRICK, C.

This was an action to quiet title brought by Mary Meehan, defendant in error, against the city of South Omaha,

plaintiff in error. There was judgment for plaintiff in the lower court; this proceeding in error being prosecuted by the city. Plaintiff, in her petition in the lower court, alleged that the property involved in this suit, and which was described fully in the petition, was her absolute property because of adverse possession in herself and her grantors. For answer, the city pleaded its corporate existence as a municipality under the laws of this state; that the property described in plaintiff's petition was the property of the city by dedication as a public highway; that the possession of plaintiff and her grantors was permissive and temporary, and so continued until the passage of an ordinance by the city making the erection of any structure on the public highway a misdemeanor, and the presence of any house or building on the streets and alleys a nuisance; that, since the passage of the ordinance referred to, the plaintiff and her grantors have been guilty of maintaining a nuisance, and could not acquire title under possession. For affirmative relief, the city asked that the premises be awarded to it, and that its absolute title in fee be decreed. The reply filed by plaintiff was, in effect, a general denial.

The facts shown by the evidence may conveniently be stated, so far as necessary, in the consideration of the errors assigned and argued by the city upon which it relies for reversal. The first contention relates to the sufficiency of the evidence to prove all the elements essential, under the decisions of this court, to title by adverse possession, particularly, that plaintiff failed to show that she had held adversely, with the intention of holding it as owner, for 10 years or more.

This action was commenced in May, 1900. Plaintiff went into possession of the premises under an instrument dated in September, 1897. This instrument is, in form, a bill of sale, by which Melissa Buckner, a widow, in consideration of the sum of $85 grants, sells, transfers and delivers to plaintiff "the following described goods, chattels and personal property, to wit: That one and one-half story frame cottage on the west line of 26th street on P

street, and known as the Buckner property, in South
Omaha. To have and to hold, all and singular, the said
goods, chattels and personal property," etc.

There is sufficient evidence to establish that Mrs. Buck-
ner, named as grantor in the instrument just referred to,
built the house in 1886, and from and after that time, and
up to the time of the transfer to plaintiff, had lived in the
house and on the premises, during which period she main-
tained an open, continuous, exclusive and adverse posses-
sion thereof, claiming the property as her own. There is
no conflict in the record as to the claim by plaintiff to the
land on which the house stood, during the period of her
occupancy after the purchase from Mrs. Buckner.

The contention based on this state of facts seems to be
that, as the instrument from Mrs. Buckner to plaintiff
only purports to transfer the title to personal property,
goods and chattels, plaintiff succeeded only to Mrs. Buck-
ner's rights to the property mentioned in the instrument,
and therefore can not tack her own adverse possession to
that of Mrs. Buckner. Our examination of the record
leads us to the conclusion that there can be no question as
to the intent of both parties, plaintiff and Mrs Buckner,
that the former should succeed to all the interest of the
latter in the property in controversy. Nor do we see any
serious difficulty in suggestion of counsel, that evidence
as to the transfer to plaintiff by Mrs. Buckner of her rights
to the land in dispute, tends to vary the terms of the bill
of sale heretofore referred to. It is to be kept in mind
that the claim of plaintiff is not based upon this bill of
sale, which was introduced in evidence by defendant city,
but rather upon an oral contemporaneous agreement, at
the time of the making of the bill of sale, by which plain-
tiff succeeded to the rights of Mrs. Buckner in the land.
We think it is well settled that the right of one person
holding land adversely may be transferred to another
verbally. *Murray v. Romine*, 60 Neb. 94. And if the testi-
mony in this case is sufficient, and we think it is, to show
that such transfer was made, then the possession of plain-

tiff may be tacked to that of Mrs. Buckner to make out her title by prescription. *Lantry v. Wolff,* 49 Neb. 374.

Plaintiff asked to have her title quieted in a strip of land bounded on the west by Railroad Avenue, sometimes called 27th street, on the east by 26th street, on the north by a line which would be made by extending the north line of P street from 26th street to Railroad Avenue, and on the south by a similar line made by extending the center line of P street from 26th street to Railroad Avenue. Counsel for the city contend that there is nothing in the proof to support a decree awarding this definite strip to plaintiff, the argument being that she was not shown to have ever been in the actual posession and use of all of this strip, so bounded. The evidence shows that the portion of the land which was not in actual use was so precipitous and bluffy as to make it unavailable for any purpose whatever, and some cases are cited by counsel for plaintiff to the effect that, where the land is cut up by streams, sloughs or bluffs, it is not practicable or possible for the claimant to be in the actual possession of every part of it, and that such actual possession is not required. *Tremaine v. Weatherby,* 58 Ia. 615.

In the case at bar, however, Mrs. Buckner was a mere intruder, entering upon the land without color of title. The rights of her grantee must, therefore, be tested by the same principles which would be applied to Mrs. Buckner. It is undisputed that all of the land described in the decree was not being actually used or occupied. Under the facts in this record, we can find no principle of law upon which the decree can be sustained as to the portion of the strip which plaintiff did not actually occupy.

"There is a marked distinction," says NORVAL, C. J., in *Omaha & R. V. R. Co. v. Rickards,* 38 Neb. 847, "between a possession acquired under a claim of right or color of title, and where possession of land is taken and held by a mere usurper or intruder. Where a party's occupancy is under a color of title, his possession is regarded as being coextensive with the entire tract described in the instru-

ment under which possession is claimed. On the other hand, where one enters without color of title, his possession is confined to the land actually occupied. It is firmly settled in this state that while color of title is not indispensable to adverse possession, yet, when the occupancy is without color of title, possession is limited to the land actually occupied," citing *Gatling v. Lane,* 17 Neb. 80; *Haywood v. Thomas,* 17 Neb. 237.

The rule announced in the cases cited by counsel for plaintiff, to the effect that actual possession and use of every portion of land claimed adversely is unnecessary to sustain the claim, where the character, situation and topography of the land makes this universal use impossible, applies, we think, only to adverse claimants holding land under some color of title, or under an instrument which defines with sufficient precision the exact boundaries of the land claimed to be occupied adversely. Under the facts in this case, we can see no escape from the application of the principle announced in the *Rickards* case, *supra,* that where the occupancy is without color of title, possession must be limited to the land actually occupied. We are, therefore, of the opinion that the learned trial court erred, in so far as he quieted title in plaintiff to any portion of the land in dispute, which the proof showed she did not actually occupy.

A further contention of the city is that the trial court erred in quieting title in plaintiff as against the city of South Omaha, because of the provisions of section 6 of the code, as amended by act of the legislature approved April 1, 1899, providing that the limitations upon an action for the recovery of real estate therein provided shall not be held to apply to a municipal corporation seeking to recover title or possession of a public street. The record shows that title by adverse possession had ripened in Mrs. Buckner, plaintiff's grantor, before the transfer of her interest to plaintiff, which occurred prior to the enactment of the amendment in 1899. We do not think it can be successfully contended, that the amendment referred

to can have the force of taking away a right of recovery upon a cause of action which had accrued prior to its enactment. A legislative enactment will always be construed to operate prospectively, unless the intent of the lawmaking power to the contrary is plainly expressed. *State v. City of Kearney*, 49 Neb. 337.

It may be added that, while it is satisfactorily established that there was a continuous user of the premises on which the house and other buildings were located under claim of ownership, it is also shown by the evidence that no portion of the property claimed by plaintiff was ever used by the city as a public highway, and, if further proof were needed that it never claimed or asserted title to the land as against the occupant during this long period, it would be found in the fact that, many years before the commencement of this action, 26th street was paved, and, at that time, a permanent curb was placed along the east line of the premises in controversy, extending through the entire width of P street, from which it would seem any rational person would be justified in inferring an abandonment by the city of any claim to the property occupied by plaintiff.

In its answer, the city laid claim of title to the premises by dedication as a public highway. There is no proof of any kind in the record that the city ever obtained title to the tract in this way or in any other. We know of no rule that entitles the city to the presumption that the tract of land in dispute was ever dedicated to the city as a public street. It is quite conclusively shown by this record, that no part of the disputed tract was ever used by the city as a highway. Many years before the commencement of this action, the city caused 26th street to be paved, and, at that time, laid a permanent stone curb along the west line of 26th street, extending the entire width of that street, as already stated. It would seem, therefore, that in any event the decree, in denying relief to the city of its affirmative prayer, was right.

We find the record without error, with the exception

already pointed out, and it is therefore recommended that the judgment of the district court be reversed and the cause remanded, with directions to the district court to enter a decree in favor of plaintiff, Meehan, in so much of the property described in her petition as, by the evidence, she may be shown to have actually occupied.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded to the district court, with directions to enter a decree in favor of plaintiff, Meehan, quieting title in her to so much of the property as, by the evidence, she may be shown to have actually occupied.

JUDGMENT ACCORDINGLY.