UNITED WAY OF THE MIDLANDS, A CORPORATION, APPELLANT, v. DOUGLAS COUNTY BOARD OF EQUALIZATION, DOUGLAS COUNTY, NEBRASKA, APPELLEE.

259 N. W. 2d 270

Filed October 26, 1977. No. 41106.

John K. Boyer and Michael L. Johnson of Fraser, Stryker, Veach, Vaughn & Muesey, for appellant.

Donald L. Knowles and Rockford G. Meyer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Plaintiff, a nonprofit charitable corporation, appeals from an order of the District Court sustaining a demurrer to its appeal from a tax exemption determination by the Douglas County Board of Equalization. The only issue on appeal is whether plaintiff's appeal to the District Court was timely because the transcript on appeal was not filed within 20 days. We reverse.

On May 5, 1976, the Board of Equalization granted a partial tax exemption on certain real property owned by the plaintiff. On May 25, 1976, plaintiff filed a notice of appeal and an appeal bond with the county clerk. On June 10, 1976, plaintiff filed a petition and a transcript of the board proceedings with the clerk of the District Court. The defendant board demurred on the ground that the appeal was not taken within 20 days as provided by section 77-202.04, R. R. S. 1943. The demurrer was sustained.

Section 77-202.04, R. R. S. 1943, reads as follows: "Persons, corporations, or organizations denied exemption from taxation for real or tangible personal property, including motor vehicles, by a county board of equalization may appeal de novo to the district court of the county where such real or tangible personal property, including motor vehicles, is located in the same manner and under the same procedure as provided by sections 77-1510 and 77-1511, in the case of appeals from other actions of a county board of equalization, except that such appeal shall be taken within twenty days after the certification of the decision, determination, or order made by such board of equalization and except that the court on appeal shall make its decision on the law and equity and may reverse the action of such board even though it is not established that the action of the board was

unreasonable or arbitrary. The Tax Commissioner may at his discretion intervene in any such appeal."

Section 77-1510, R. R. S. 1943, so far as material for discussion herein, provides as follows: "Appeals may be taken from any action of the county board of equalization to the district court within forty-five days after adjournment of the board, in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county."

Section 77-1511, R. R. S. 1943, covers procedure in the District Court and is not material to the discussion herein.

It is clear that section 77-202.04, R. R. S. 1943, adopts the procedure provided by sections 77-1510 and 77-1511, R. R. S. 1943, except that it makes mandatory the taking of the appeal within 20 days after the certification of the decision, determination, or order made by the board of equalization. In other words, it is adopting the procedures provided by sections 77-1510 and 77-1511, except as to the time provided for appeal.

Pertinently, section 77-1510, R. R. S. 1943, provides that such appeals may be taken in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county. This procedure is covered by section 23-135, R. R. S. 1943.

Section 23-135, R. R. S. 1943, provides, so far as material herein: "When the claim of any person against the county is disallowed in whole or in part by the county board, such person may appeal from the decision of the board to the district court of the same county, by causing a written notice to be served on the county clerk, within twenty days after making such decision and executing a bond to such county * * * conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

Section 23-137, R. R. S. 1943, provides the procedure on the preparation of the transcript. It is as follows: "The clerk of the board, upon such appeal being taken, and being paid the proper fees therefore, shall make out a complete transcript of the proceedings of the board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district court, and such appeal shall be entered, tried, and determined the same as appeals from justice courts, and costs shall be awarded thereon in like manner."

It is to be noted that the clerk of the board delivers the transcript to the District Court after the payment of his fees. We note also section 23-137, R. R. S. 1943, uses the language "upon such appeal being taken." To harmonize these provisions and to give effect to all portions of the statutes cited requires us to conclude they do not require the transcript on appeal to be filed within 20 days after the decision.

As we interpret the statutes mentioned, in appeals under section 77-202.04, R. R. S. 1943, the giving of the notice of appeal and the furnishing of an appeal bond are the only jurisdictional requirements which must be completed within the 20-day period. The clerk of the board then is required to make out a complete transcript of the proceedings and after being paid his fees, to deliver the same to the clerk of the District Court.

While section 23-137, R. R. S. 1943, does not specifically mention the time limited for the filing of the transcript in the District Court, it does refer to the procedure required in appeals from the justice courts. The statutes governing appeals from justice courts, sections 27-1301 to 27-1315, R. R. S. 1943, were repealed in 1972. In Knoefler Honey Farms v. County of Sherman, 193 Neb. 95, 225 N. W. 2d 855 (1975), we held: "Where one statute refers to another, which is subsequently repealed, the statute repealed becomes a part of the one making the reference and

remains in force so far as the adopting statute is concerned."

Section 27-1303, R. R. S. 1943, provided for the filing of the transcript in the District Court within 30 days following the rendition of the judgment. With reference to section 77-202.04, R. R. S. 1943, for the future we interpret this to mean the appellant shall tender the fees for the transcript within that period and the clerk of the board has the responsibility to file the transcript in the District Court.

Insofar as there may be language in Knoefler Honey Farms v. County of Sherman, 193 Neb. 95, 225 N. W. 2d 855 (1975), which conflicts with this opinion on the construction of section 77-202.04, R. R. S. 1943, it is overruled.

The demurrer herein was improperly sustained. The judgment is reversed and the cause remanded to the District Court for further proceedings.

REVERSED AND REMANDED.