PATTI JETER, APPELLEE AND CROSS-APPELLANT, V. BOARD OF
EDUCATION OF THE SCHOOL DISTRICT OF FREMONT, COUNTY OF
DODGE, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA,
APPELLANT AND CROSS-APPELLEE.
435 N.W.2d 170

Filed February 3, 1989.    No. 87-214.

Neil W. Schilke, of Sidner, Svoboda, Schilke, Wiseman, Thomsen, Holtorf & Boggy, for appellant.

Mark D. McGuire, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

Robert A. Bligh for amicus curiae Nebraska Association of School Boards.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

JAMES MURPHY, D.J.

At a special meeting of the Fremont board of education on April 29, 1986, three of four members present voted against renewing the teaching contract of Patti Jeter. Two members were absent.

Jeter sought review in the district court by petition in error. The district court found that Jeter did not have tenure when the school board decided against renewing her contract. However, the district court vacated the action of the school board because such action required a majority of the members of the school board. The court then ordered her reinstatement.

From this order the school board appealed, and Jeter cross-appealed asserting error in the district court's finding that she was not a tenured teacher on April 29, 1986. Jeter also asserts that the school board is estopped from denying tenure.

A probationary certificated teacher shall mean a teacher who has served under a contract with a school district for less than 3 successive school years in any school district. Neb. Rev. Stat. § 79-12,107(3) (Reissue 1987).

Jeter was in her third year with the school district when the school board decided not to renew her contract. Therefore, she was still a probationary certificated teacher when the school board acted.

Jeter contends that a "recommendation for tenure" by a staff member in 1985 was sufficient to terminate her probationary status. This recommendation, which was made during Jeter's second year with the school district, was not acted upon by the school board. Therefore, she remained a probationary certificated teacher when the school board decided against renewing her contract the following year.

Jeter maintains that the school board is estopped from denying tenure by reason of the recommendation for tenure.

As stated in *Pester v. American Family Mut. Ins. Co.*, 186 Neb. 793, 186 N.W.2d 711 (1971), and reiterated in *Weiner v. Hazer*, 230 Neb. 53, 58, 430 N.W.2d 269, 272 (1988):

" 'The essential elements of equitable estoppel are: As to the party estopped, "* * * (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that

the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts." As to the other party, "* * * (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice." ' . . ."

In this case, the elements of equitable estoppel are lacking in every respect. There was no false representation or concealment of material facts by the school board. Certainly, Jeter had knowledge or the means of knowledge of the truth as to the status of her employment. She had no right to assume that the school board would act on the recommendation of the staff member. Therefore, the school board is not estopped from asserting her status as a probationary certificated teacher.

The district court's finding that on April 29, 1986, Jeter was a probationary certificated teacher is supported by all the evidence in the record and is correct. Therefore, we find for the school board on Jeter's cross-appeal.

The only question remaining to be resolved is whether the action of the school board in deciding not to renew the Jeter contract required a majority of all the members of the school board or a majority vote of the quorum present and voting.

Before the enactment of 1982 Neb. Laws, L.B. 259, in 1982, probationary and permanent teachers were treated alike in this respect by the Legislature, and termination required an affirmative vote by a majority of the members of the school board. In *Houser v. School Dist. of South Sioux City*, 189 Neb. 323, 202 N.W.2d 621 (1972), it was held that "a majority of the members of the board" meant a majority of all members of the board.

With the enactment of L.B. 259, the Legislature retained this requirement for permanent teachers. Neb. Rev. Stat. § 79-12,115(3) (Reissue 1987) provides: "A majority of the

members of the school board shall render its decision to amend, cancel, terminate, or not renew a certificated employee's contract . . . ."

But in setting out the procedure for terminating probationary teachers, this language was eliminated. Neb. Rev. Stat. § 79-12,111(4) (Reissue 1987) provides: "The school board may elect to amend or not renew the contract of a probationary certificated employee for any reason it deems sufficient if such nonrenewal shall not be for constitutionally impermissible reasons . . . ."

Neb. Rev. Stat. § 79-12,116 (Reissue 1987) provides: "Hearings involving the question of the nonrenewal of a probationary certificated employee's contract . . . shall not be due process hearings and shall not be required to meet the requirements of section 79-12,115 . . . ."

Only in the event of action by a committee (a procedure which was not used in this case) is a majority of the members of the board required for nonrenewal of a probationary teacher's contract. Neb. Rev. Stat. § 79-12,117 (Reissue 1987).

In *Ledwith v. Bankers Life Ins. Co.*, 156 Neb. 107, 121, 54 N.W.2d 409, 419 (1952), this court construed an amendatory statute by comparing it with its predecessor. It was stated:

> The Legislature is presumed to know language used in a statute and if a subsequent act on the same or similar subject uses different terms in the same connection the court must presume that a change in the law was intended. Likewise the omission of a word in an amendment of a statute will be assumed to be intentional and for a purpose. Where it is apparent that a substantive portion of a statute has been omitted from an amendment thereof courts have no authority to supply the omission.

Prior to 1982, the vote to terminate the contract of any teacher, permanent or probationary, required an affirmative vote of a majority of the membership of the board under Neb. Rev. Stat. § 79-1254 (Reissue 1981). After 1982, when § 79-1254 was repealed and L.B. 259 became effective, permanent teachers retained this protection of a majority membership requirement, and probationary teachers lost it.

In *Houser v. School Dist. of South Sioux City, supra*, the

court held that in the absence of a contrary statutory provision, a majority of a quorum which constitutes a simple majority of a collective body may act for that body.

In the school board's meeting of April 29, 1986, four members of an entire membership of six were present and constituted a quorum. Three voted against renewal. By majority vote of the quorum, Jeter's contract was not renewed, and the district court erred when this action was vacated.

Jeter does not contend that the decision of the school board was based on constitutionally impermissible grounds. An examination of the record indicates an evidentiary basis for the school board's decision.

Therefore, the decision of the school board on April 29, 1986, is supported by the evidence and authorized by statute.

Accordingly, the order of the district court setting aside that decision is reversed, and Jeter's cross-appeal is dismissed.

REVERSED.