REQUESTED BY: Lawrence Myers, Director, Nebraska Equal Opportunity Commission
You have asked whether or not under § 481102(8) the Nebraska Equal Opportunity Commission has jurisdiction over a charge based on a perceived disability.
No.
The Nebraska Fair Employment Practice Act Neb. Rev. Stat. § 48-1101 et seq., hereinafter "NFEPA" defines the term "disability" at § 48-1102(8):
 Disability shall mean any physical or mental condition, infirmity, malformation, or disfigurement which is caused by bodily injury, birth defect, or illness, including epilepsy or seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, muteness or speech impediment, or physical reliance on a dog guide, wheelchair, or remedial appliance or device and shall also mean the physical or mental condition of a person which constitutes a substantial handicap as determined by a physician, but is unrelated to such person's ability to engage in a particular occupation.
When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning. In the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning. State Bd. of Ag. v. State Racing Comm., 239 Neb. 762,478 N.W.2d 270 (1992).
Because there is no indication that the Legislature intended the Commission's jurisdiction over disability discrimination claims to extend beyond the definition expressly stated in § 48-1102(8), we conclude that "perceived disability" is not a disability within the meaning of the NFEPA.
In the federal Americans With Disabilities Act, the term "perceived disability" is defined and covered by the Act. In the 1993 legislative session, the Nebraska Legislature did amend NFEPA to include language from the Americans With Disabilities Act as it relates to perceived disabilities. However, the amendments, contained in LB 360 are not effective until July 1994.
Generally, the powers of a public agency and public officers are limited to those conferred by statute. 81A C.J.S. States § 142; 63A Am. Jur. 2d Public Officers and Employees § 300. The limitations of the powers granted and the standards by which the granted powers are to be administered must be clearly and definitely stated in the authorizing act. Gillette Dairy Inc. v. Nebraska Dairy Products Board, 192 Neb. 89, 100, 219 N.W.2d 214 (1974), and Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 780-81,104 N.W.2d 227 (1960). In LB 360, the Legislature clearly included perceived disability within the definition of the Act. However, the Legislature made it clear that LB 360 is not effective until July of 1994.
The Legislature is presumed to know the language used in a statute, and if a subsequent act on the same or similar subject uses different terms in the same connection, the court must presume that a change in the law was intended. Jeter v. Board of Education, 231 Neb. 80, 435 N.W.2d 170. Courts would not read into a statute something omitted from it by the Legislature or discover a meaning not warranted by the Legislature. Ledwith v. Bankers Life Insurance Co.,156 Neb. 107, 54 N.W.2d 409 (1952). Because we find no indication that the Legislature intended the NEOC to exercise jurisdiction over claims dealing with "perceived disabilities" prior to July of 1994, we conclude that §48-1102(8), the current law, does not provide the NEOC with such jurisdiction.
Sincerely yours,
DON STENBERG Attorney General
Alfonza Whitaker Assistant Attorney General
Approved: Attorney General 29-373-5.