NO FRILLS SUPERMARKET, INC., OF OMAHA, DOING BUSINESS AS NO FRILLS SUPERMARKET, APPELLEE, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.

523 N.W.2d 528

Filed November 10, 1994. No. S-93-179.

Don Stenberg, Attorney General, and Marie C. Pawol for appellant.

Robert M. Zuber, of Zuber & Ginsburg, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

WRIGHT, J.

In this appeal, the Nebraska Liquor Control Commission seeks reversal of a Lancaster County District Court order which reversed a commission order suspending the liquor license of No Frills Supermarket, Inc., of Omaha (No Frills) for 5 days.

## SCOPE OF REVIEW

On appeal, decisions of the Nebraska Liquor Control Commission are reviewed by this court de novo on the record. *Gas 'N Shop v. Nebraska Liquor Control Comm.*, 241 Neb. 898, 492 N.W.2d 7 (1992).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Anderson v. Nashua Corp., ante* p. 420, 519 N.W.2d 275 (1994); *Association of Commonwealth Claimants v. Moylan, ante* p. 88, 517 N.W.2d 94 (1994).

## FACTS

No Frills filed a petition in error in the Lancaster County District Court on November 6, 1992, asserting that the commission erred in determining that No Frills had permitted the selling, dispensing, or giving away of alcoholic liquor to a minor, in violation of 237 Neb. Admin. Code, ch. 6, § 019.01A (1991). This regulation is codified at Neb. Rev. Stat. § 53-180 (Reissue 1993). No Frills alleged that the sale was made with the knowledge of and in cooperation with a duly authorized law enforcement officer and that proof of this fact is an absolute defense to the charge pursuant to Neb. Rev. Stat. § 53-180.07 (Cum. Supp. 1992), which provides in pertinent part:

> In any prosecution of or any proceeding against any licensee charged with having made a sale to a minor, proof of the following shall be an absolute defense to the charge:
>
> . . . .
>
> (2) The sale was made with the knowledge of and in cooperation with a duly authorized law enforcement officer.

No Frills asked that it be reimbursed for the $250 fine it elected to pay in lieu of a 5-day suspension of its liquor license and for the assessed costs of $180.40.

The district court found that No Frills' liquor license was suspended as the result of a "sting operation," and that it was undisputed that No Frills sold alcohol to a minor and that the sale was made with the knowledge of and in cooperation with a law enforcement officer, providing an absolute defense for No Frills under § 53-180.07. The court reversed the commission's order and directed that the matter be dismissed. Attached to and made a part of the district court's order was the order from a case captioned "State of Nebraska, Plaintiff, vs. Tracy Porter, Defendant," Cass County District Court, docket 38, page 282.

In the Porter case, which was a criminal prosecution for the sale of alcohol to a minor, the district court analyzed § 53-180.07. The State had argued that the term "sale," as used in the statute, should be restricted to apply to only the situation where the seller, rather than the buyer, is cooperating with the police. The court stated that the term "generally refers to a transaction rather than to specific parties . . . ." Neb. Rev. Stat. § 53-103(17) (Reissue 1993) defines a sale as "any transfer, exchange, or barter in any manner or by any means for a consideration . . . ." In Porter, the court concluded that "there is no basis to restrict the term 'sale' to apply only when the seller, rather than the buyer, is cooperating with the police" and that § 53-180.07 provided an absolute defense.

## ASSIGNMENTS OF ERROR

On appeal, the commission assigns as error the district court's statutory interpretation of § 53-180.07 and its reversal of the suspension order.

## ANALYSIS

No Frills was charged with permitting the selling, dispensing, or giving away of alcoholic liquor to or for a person less than 21 years of age, in violation of 237 Neb. Admin. Code, ch. 6, § 019.01A (1991), which regulation states:

> 019.01A Sale to Minor; Defense: No licensee or partners, principals, agents or employees of any licensee shall sell any alcoholic liquors to any person who is a

minor as defined in Section 53-103[(24)] of the Nebraska Liquor Control Act except that proof of the following shall constitute an absolute defense:

019.01A1 The purchaser falsely represented in writing and supported with other documentary proof such as a driver's license that he was of legal age to purchase alcoholic liquor; and

019.01A2 That the appearance of such purchaser was such that an ordinary and prudent person would believe that such appearance conformed to any documentary description of appearance presented by the purchaser; and

019.01A3 The sale was made in good faith and in reliance upon the written representation, other documentary evidence, the appearance of the purchaser, and in the belief the purchaser was of legal age to make such purchase; or

019.01A4 The sale was made with the knowledge of and in cooperation with a duly authorized law enforcement officer or agent of the Nebraska Liquor Control Commission. (53-180, 53-180.07)

At the commission hearing, Bellevue police officer Michael Laufenberg stated that on April 10, 1992, he was involved in an investigation in which purchases of alcohol were made by a cooperating individual who was 19 years old. The minor entered 10 establishments, including convenience stores, grocery stores, and gas stations, and he was able to purchase alcohol from at least 4 of them. He was fitted with a wireless transmitter, and the transactions were recorded. The minor was instructed that if he was asked for identification, he should state that he had none. If the store proceeded to sell alcohol to him, he was to purchase it. If the store refused to sell to him, he was to leave. The minor purchased a six-pack of beer from No Frills and turned it over to police. The clerk who sold the beer was issued a citation for sale of alcohol to a minor and was suspended without pay for the remainder of the week. The cooperating individual testified that he purchased the six-pack of beer at No Frills without being asked for identification.

The issue in this case is the interpretation of § 53-180.07(2): "The sale was made with the knowledge of and in cooperation

with a duly authorized law enforcement officer," which language is also contained in the commission's regulations. The district court adopted No Frills' assertion that the sale was made with the knowledge of and in cooperation with a law enforcement officer, in that the minor was cooperating with police officers in purchasing the alcohol. The commission argues that the statutory defense is available only when *the licensee or its employees* make a sale of alcohol to a minor with the knowledge of and in cooperation with law enforcement, rather than when, as in this case, the *minor* is cooperating with law enforcement. The commission suggests that the context of § 53-180.07 requires a distinction between a "sale" and a "purchase" in determining whether the statutory defense applies. No Frills responds by pointing out that § 53-180.07 has been amended since the time of the sale at issue in this case. Effective September 9, 1993, the statute reads:

> In any prosecution of or any proceeding against any licensee charged with having made a sale to a minor, proof of the following shall be an absolute defense to the charge:
>
> . . . .
>
> (2) The *seller was acting* with the knowledge of and in cooperation with a duly authorized law enforcement officer.

(Emphasis supplied.) § 53-180.07 (Reissue 1993).

We have held that a legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed. *Young v. Dodge Cty. Bd. of Supervisors*, 242 Neb. 1, 493 N.W.2d 160 (1992). " 'Statutes covering substantive matters in effect at the time of the transaction govern, not later enacted statutes.' " *Id.* at 5-6, 493 N.W.2d at 163. The amendment at issue made a substantive change in the statute. Thus, the statute in effect at the time of the sale of alcohol is the statute which we must analyze to determine its meaning and application. At that time, the statute contained the phrase "sale was made."

We note that statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Anderson v. Nashua*

*Corp., ante* p. 420, 519 N.W.2d 275 (1994); *Association of Commonwealth Claimants v. Moylan, ante* p. 88, 517 N.W.2d 94 (1994). The general rules governing statutory construction and interpretation provide that in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See, *Association of Commonwealth Claimants v. Moylan, supra*; *In re Application of Jantzen*, 245 Neb. 81, 511 N.W.2d 504 (1994).

> " 'A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute.' "

*Gillam v. Firestone Tire & Rubber Co.*, 241 Neb. 414, 418, 489 N.W.2d 289, 292 (1992).

The plain language of § 53-180.07 (Cum. Supp. 1992) states that a retailer has an absolute defense to a charge of selling alcohol to a minor if the "sale was made" with the knowledge of and in cooperation with police. That is the case here. The statute does not state that the "purchase" must be made with the cooperation of police.

We have stated, " 'The Legislature is presumed to know language used in a statute and if a subsequent act on the same or similar subject uses different terms in the same connection the court must presume that a change in the law was intended. . . .' " *Jeter v. Board of Education*, 231 Neb. 80, 83, 435 N.W.2d 170, 173 (1989). "The general rule seems to be that it will be presumed that the Legislature, in adopting an amendment, intended to make some change in the existing law and that the courts will endeavor to give some effect thereto." *Hurley v. Brotherhood of R. R. Trainmen*, 147 Neb. 781, 790, 25 N.W.2d 29, 34 (1946).

Although the 1993 statutory amendment does not apply to this case because the amendment took effect after the sale of alcohol, it provides evidence that the earlier statute afforded a defense for both the buyer and the seller. After the Legislature amended the statute, the statutory defense was limited to cooperating sellers. However, at the time of the sale of alcohol by No Frills, the defense applied whenever a sale was made with the cooperation of law enforcement. The district court correctly held that No Frills was entitled to assert the absolute defense found in § 53-180.07 (Cum. Supp. 1992). Accordingly, the judgment of the district court is affirmed. The commission is directed to refund the $250 fine and the $180.40 in costs paid by No Frills.

AFFIRMED WITH DIRECTIONS.