FUTURE MOTELS, INC., A NEBRASKA CORPORATION, APPELLANT, V. CUSTER COUNTY BOARD OF EQUALIZATION, APPELLEE.

527 N.W.2d 861

Filed February 24, 1995.   No. S-93-369.

Steven O. Stumpff and Cheryl C. Pollard, of Stumpff Law Office, for appellant.

Glenn A. Clark, Custer County Attorney, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

Future Motels, Inc., appeals a judgment of the Custer County District Court which affirmed a decision of the Custer County Board of Equalization (Board). The district court found (1) that Future Motels had not met its burden of proof by showing that the value of its property had been arbitrarily or unlawfully fixed by the Board in an amount greater than its actual value, or by showing that the value had not been fairly and proportionately equalized with all other property in Custer County, and (2) that the valuations placed on the subject properties were correct. Under the authority granted us by Neb. Rev. Stat. § 24–1106(3) (Cum. Supp. 1994) to regulate the caseloads of the appellate courts of this state, we removed the appeal to this court.

## SCOPE OF REVIEW

While an appeal from a county board of equalization is heard de novo in the district court, Neb. Rev. Stat. § 77–1511 (Reissue 1990) requires that the court shall affirm the action taken by the board unless evidence is adduced establishing that the action of the board was unreasonable or arbitrary, or unless evidence is adduced establishing that the property of the appellant is assessed too low. *Helvey v. Dawson Cty. Bd. of Equal.*, 242 Neb. 379, 495 N.W.2d 261 (1993). The burden of showing such valuation to be unreasonable rests upon the taxpayer on appeal from the action of the board. *Id.*

## FACTS

Future Motels is the owner of a Super 8 Motel located in Broken Bow, Nebraska. The Custer County assessor valued Future Motels' land and improvements at $596,850 for 1992 taxation purposes. Future Motels received a notice of valuation and filed a written property valuation protest with the Board, requesting that Future Motels' land and improvements be valued at $150,000. Future Motels' protest specifically claimed that (1) the property was not valued properly with other assessed valuations of similar properties in Broken Bow, (2) the property

was not valued properly with other Super 8 Motels located in western Nebraska, (3) the appraisal was done by a Lincoln appraiser rather than a "western Nebraska appraiser," and (4) the excess appraisal caused Future Motels to pay more than its proportional share of taxes.

It is assumed for purposes of the facts herein that the Board did not grant the relief Future Motels requested in its protest, because Future Motels filed a petition with the district court for Custer County, asking for relief from the Board's determination. In its petition, Future Motels alleged that on or about May 26, 1992, the Board adjusted the valuation of Future Motels' property by decreasing the value of the improvements by 20 percent. Future Motels also filed a document entitled "Notice of Appeal, Deposit of Bond, and Request for Transcript." However, nowhere in the record do we find the transcript of the proceedings held before the Board. The district court affirmed the decision of the Board in all respects, and Future Motels timely filed its notice of appeal.

## ANALYSIS

At the time of Future Motels' appeal to the district court, the procedure for appeal was governed by Neb. Rev. Stat. § 77-1510 (Cum. Supp. 1992), which stated:

> Appeals may be taken from any action of the county board of equalization to the district court in the following manner:
>
> . . . .
>
> (2) The appeal shall be deemed to be filed for purposes of granting jurisdiction with the filing of the petition and praecipe for summons in the district court and the filing of a request for a transcript with the county clerk. The county clerk shall prepare the transcript as soon as practicable after requested and shall deliver the same to the taxpayer for filing with the clerk of the district court upon receipt from the taxpayer of the appropriate fees for its preparation. No proceedings shall be held on the appeal of the taxpayer until the summons has been served and the transcript has been filed in district court . . . .

In accordance with § 77-1510, Future Motels invoked the

jurisdiction of the district court by filing a petition and a praecipe for summons in the district court and a request for transcript with the Custer County clerk. On July 8, 1992, Future Motels filed with the district court a copy of the request filed with the Custer County clerk. The document stated: "The undersigned requests that a complete transcript be prepared and filed with the District Court Clerk."

In *United Way of the Midlands v. Douglas County Board of Equalization*, 199 Neb. 323, 259 N.W.2d 270 (1977), we held that it was the responsibility of the clerk of the board to file the transcript with the district court. However, the statutory language which governed that case stated: " 'The clerk of the board, upon such appeal being taken . . . shall make out a complete transcript of the proceedings of the board relating to the matter . . . and shall deliver the same to the clerk of the district court . . . .' " *Id.* at 326, 259 N.W.2d at 271. The statute governing Future Motels' case, however, directed the county clerk to deliver the Board transcript to "*the taxpayer* for filing with the clerk of the district court." (Emphasis supplied.) See § 77-1510(2).

The Legislature is presumed to know language used in a statute, and if a subsequent act on the same or similar subject uses different terms in the same connection, the court must presume that a change in the law was intended. *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994); *Jeter v. Board of Education*, 231 Neb. 80, 435 N.W.2d 170 (1989). Pursuant to § 77-1510, the responsibility for filing the Board transcript with the district court rested with the taxpayer, Future Motels. The record does not contain a Board transcript that was to have been filed in the district court.

In an appeal to the district court from the board of equalization, § 77-1510(2) directed that "[n]o proceedings shall be held on the appeal of the taxpayer until the summons has been served and the [Board] transcript has been filed in district court." In the absence of the Board transcript, the district court should not have held proceedings in this case. Therefore, the appeal is dismissed.

APPEAL DISMISSED.

WHITE, J., concurs in the result.