DONALD M. VERVAECKE, ASSIGNEE OF LUCILLE A. VERVAECKE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MAURICE M. VERVAECKE, DECEASED, APPELLANT, v. STATE OF NEBRASKA AND M. BERRI BALKA, NEBRASKA STATE TAX COMMISSIONER, APPELLEES.

529 N.W.2d 779

Filed March 31, 1995. No. S-93-735.

Michael McCormack, of McCormack, Cooney, Hillman & Elder, for appellant.

Don Stenberg, Attorney General, and L. Jay Bartel for appellees.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, and Connolly, JJ., and Boslaugh, J., Retired.

Fahrnburch, J.

Donald M. Vervaecke appeals a summary judgment that held the State of Nebraska, when it refunded an unintentional overpayment of an estate tax, was not required to pay interest from the date of the overpayment.

This appeal involves the interpretation of a statute, which is a question of law. As a result of our interpretation of Neb. Rev. Stat. § 77–2106.01 (Cum. Supp. 1992), we reverse the judgment of the district court for Lancaster County and hold that Vervaecke is entitled to the additional interest he claims is due him as assignee of the personal representative of his father's estate and as assignee of his mother's interest in the refund.

Originally filed in the Nebraska Court of Appeals, this appeal was removed to this court pursuant to our authority to regulate the caseloads of the appellate courts.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Huntwork v. Voss, ante* p. 184, 525 N.W.2d 632 (1995); *New Light Co. v. Wells Fargo Alarm Servs., ante* p. 57, 525 N.W.2d 25 (1994). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the

record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Huntwork, supra*; *New Light Co., supra*.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994); *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994).

## FACTS

When we view the evidence in the light most favorable to Vervaecke and give Vervaecke the benefit of all reasonable inferences deducible from the evidence, the undisputed facts of the case are as follows:

On August 26, 1989, Donald M. Vervaecke's father, Maurice M. Vervaecke, died. On August 30, 1990, the Vervaecke estate filed both a federal estate tax return and a Nebraska estate tax return. The Vervaecke estate paid $122,472 in state estate taxes to the State of Nebraska.

On June 22, 1992, following an audit, the Internal Revenue Service notified the Vervaecke estate that the marital deduction on its federal return should be increased. This adjustment resulted in a federal estate tax refund to the estate of $703,691, together with interest in the amount of $143,332.86.

Nebraska's estate tax is computed as a percentage of the federal estate tax liability. Neb. Rev. Stat. § 77-2101.01 (Cum. Supp. 1994). Neb. Rev. Stat. § 77-2103 (Cum. Supp. 1994) provides that if the amount of federal estate tax liability increases or decreases, the Nebraska estate tax shall be adjusted accordingly. A reduction in the federal estate tax entitled the Vervaecke estate to a reduction in its Nebraska estate tax liability.

The Vervaecke estate filed an amended Nebraska estate tax return claiming a refund in the amount of $117,652. The estate also calculated interest on the refund at 14 percent from August 30, 1990, the date of payment of the estate tax, to December

28, 1992, the date of the refund, in the amount of $34,732.48.

Section 77–2106.01 is silent as to interest on overpayment of taxes. In 1992, L.B. 1004 amended § 77–2106.01 to provide for interest as follows:

> When any amount of transfer tax [state estate tax] in excess of that legally due has been paid to the State Treasurer, the party making such overpayment or his or her successors or assigns shall be entitled to refund of such overpayment *plus interest at the rate specified in section 45–104.01, as such rate may from time to time be adjusted by the Legislature.*

(Emphasis supplied.) The effective date of L.B. 1004 was July 15, 1992.

On October 21, 1992, the State of Nebraska refunded to the Vervaecke estate $117,652 as an overpayment of Nebraska estate tax. On December 28, 1992, the State of Nebraska paid $4,196.76 in interest to the Vervaecke estate. The interest was calculated on the overpayment of $117,652 Nebraska estate tax from July 15, 1992, the effective date of L.B. 1004, which provided for interest, through December 28, 1992, the date of the refund.

The parties stipulated that the accepting and cashing of the State's warrant representing the interest refund would not constitute a waiver or estoppel to Vervaecke asserting his claim for interest from the date of the payment of the estate taxes through the effective date of L.B. 1004.

On July 1, 1993, Vervaecke brought a declaratory judgment action seeking a declaration that he is entitled to additional interest on the Nebraska estate tax refund from the date of payment, August 30, 1990, to July 15, 1992, at the rate of 14 percent per annum.

Both Vervaecke and the State filed motions for summary judgment. The district court sustained the State's motion and denied Vervaecke's motion. The district court determined that "in Nebraska, interest on claims against the state is allowable only when authorized by statute and that unless the [intent] and purpose of a legislative act show that it is to be applied retroactively, it applies prospectively only."

## ASSIGNMENT OF ERROR

Vervaecke claims that the district court erred as a matter of law in granting the State's motion for summary judgment and in denying his motion for summary judgment.

## ANALYSIS

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994); *State ex rel. Wieland v. Beermann*, 246 Neb. 808, 523 N.W.2d 518 (1994). An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.*

Neb. Rev. Stat. § 77-2101 (Cum. Supp. 1994) provides that "[t]ransfer tax shall mean the estate tax and generation-skipping transfer tax." The plain language of § 77-2106.01 declares that "[w]hen any amount of transfer tax in excess of that legally due *has been paid* to the State Treasurer, the party making such overpayment or his or her successors or assigns shall be entitled to refund of such overpayment *plus interest* . . . ." (Emphasis supplied.)

The plain, direct, and unambiguous meaning of the words "has been paid" in § 77-2106.01 does not limit interest on overpayments of estate tax to those overpayments made after the effective date of the statute. Given its plain and ordinary meaning, the term "has been paid" includes overpayments of estate tax made prior to the effective date of L.B. 1004, July 15, 1992.

Section 77-2106.01 places certain limitations upon the State's obligation to pay interest on an overpayment of an estate tax. In this case, the State is not claiming that any of those limitations apply, since Vervaecke timely filed his claim for refund.

Pursuant to § 77-2106.01 as amended in 1992, the Vervaecke estate, as a matter of law, was entitled to interest on its overpayment of Nebraska estate tax from the date of its payment, August 30, 1990.

Therefore, the district court erred when it granted the State's motion for summary judgment and also erred when it denied Vervaecke's motion for summary judgment.

The district court's rulings on each party's motion for summary judgment is reversed, and the cause is remanded to the district court with direction to enter a summary judgment in favor of Vervaecke which judgment shall fix the amount of additional interest due Vervaecke from the State.

REVERSED AND REMANDED WITH DIRECTION.

WRIGHT, J., dissenting.

The majority invokes the rule of construction which states that in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. See *No Frills Supermarket v. Nebraska Liq. Control Comm.*, 246 Neb. 822, 523 N.W.2d 528 (1994). However, the following principle of law has been a part of Nebraska jurisprudence since at least 1897: "[A] law will not be given a retrospective operation, unless that intention has been manifested by the most clear and unequivocal expression." *State v. City of Kearney*, 49 Neb. 337, 339, 70 N.W. 255, 256 (1897). " 'A legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed.' " *Young v. Dodge Cty. Bd. of Supervisors*, 242 Neb. 1, 6, 493 N.W.2d 160, 163 (1992).

The statute at issue states in pertinent part: "When any amount of transfer tax in excess of that legally due has been paid to the State Treasurer, the party making such overpayment . . . shall be entitled to refund of such overpayment plus interest . . . ." Neb. Rev. Stat. § 77-2106.01 (Cum. Supp. 1992). The majority states that the phrase "has been paid" does not limit interest on overpayments of estate tax to those overpayments made after the effective date of 1992 Neb. Laws, L.B. 1004, § 11. I point out that before the enactment of L.B. 1004, the taxpayer had no right to interest on an overpayment. See *Peterson v. State*, 114 Neb. 612, 209 N.W. 221 (1926). Thus, the enactment of L.B. 1004 created a new right for the taxpayer. Had the Legislature desired to make § 77-2106.01 apply retroactively to the date of the overpayment, the phrase "plus interest from the date of the overpayment" could have been used. It was not.

Nothing in § 77-2106.01 or its legislative history clearly and unequivocally indicates that the statute should be given

retroactive effect. I conclude that the calculation of interest was authorized only prospectively from the effective date of L.B. 1004. The district court properly recognized the rule set forth in *State v. City of Kearney, supra.* I would affirm the order of the district court.

CAPORALE, J., joins in this dissent.